IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEWAYNE C. VESEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 06-4046 |
| GLOBAL SECURITY SERVICES, QUAD CITY TOWING, ROCK ISLAND POLICE DEPARTMENT, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Plaintiff, Dewayne C. Vesey, has filed suit in the United States District Court for the Central District of Illinois naming as Defendants, Global Security Services, Quad City Towing and Rock Island Police Department. Upon review of the Complaint it appears that on or about July 8, 2006, Plaintiff's vehicle was parked at Maple Ridge Apartments. Some time on that date, his vehicle was towed by Global Security and Quad City Towing. Plaintiff apparently made contact with the Rock Island Police Department and talked to Lt. Poulos, advising Lt. Poulos of the fact that this car was being stolen by Quad City Towing and Global Security. Lt. Poulos, in his conversation with the Plaintiff apparently felt that the vehicle was not being stolen and therefore determined that no police department intervention would occur as a result of the complaint.

Plaintiff seeks damages from the City of Rock Island Police Department for its failure to send a police officer to stop the towing of the Plaintiff's vehicle. It appears that the Plaintiff believes that the City of Rock Island Police Department failed to provide police protection to the Plaintiff and therefore they are liable to the Plaintiff for any

damages incurred as a result thereof. The law in Illinois is that a municipality is under no obligation to provide police protection or other basic public services. Jackson vs. City of Joliet, 715 F.2d 1200, 1204 (7th Cir. 1983). In addition, when police protection is provided, there is no corresponding duty to provide adequate protection. Bowers vs. DeVito, 686 F.2d 616, 618 (7th Cir. 1982). The duty of the police is to preserve the well-being of the community at large and that duty is not generally owed to specific individuals. Huey vs. Town of Cicero, 41 Ill.2d 361, 243 N.E.2d 214, 216 (1968).

The absence of a duty to provide police protection is stated in the Illinois Municipal Code at Section 4-102 where it states,

> "Neither a local public entity nor a public employee is liable for the failure to establish a police department or otherwise provide police protection service or if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." (745 ILCS 10/4-102)

An exception to this "no duty rule" has traditionally existed under Federal and State Law when a special duty or relationship is shown. Jackson vs. Byrne, 738 F.2d 1443, 1446-1447 (7th Cir. 1985). A special relationship occurs when the government puts a person in danger from private persons and then fails to protect the individual. The municipality is no longer acting in a passive role, but rather "is as much an active tort feasor as if it had thrown him into the snake pit". Bowers vs. DeVito, 686 F.2d 618.

The allegations of Plaintiff in the case at bar of misconduct on the part of the Rock Island Police Department due to its failure to investigate or stop the towing of Plaintiff's vehicle fails to state a cause of action upon which relief can be granted in that there exists in Illinois the no duty rule and Plaintiff has failed to allege any facts which would tend to show an exception to that rule by reason of any "special duty or special

relationship" that was present at the time that the call was made to the Rock Island Police Department. Therefore Plaintiff's cause of action as it is stated against the City of Rock Island Police Department should be dismissed for failure to state a cause of action upon which relief can be granted.

>Respectfully submitted,
>
>By: /S/THEODORE G. KUTSUNIS
>Attorneys for Defendant
>ROCK ISLAND POLICE DEPARTMENT
>1515 4th Avenue, Suite 303
>Rock Island, IL 61201
>Phone: (309) 786-7116
>Fax: (309) 786-7654

## CERTIFICATION

I hereby certify that on September 29, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification to the following: n/a, and I hereby certify that I have mailed by United States Postal Service, the document to the following non-CM/ECF participant: Dewayne Vesey, 3700 5th Street, Apt. L8, Rock Island, IL 61201 and Candy Pastrnak, Attorney at Law, 313 West Third Street, Davenport, Iowa 52801.

>By: /S/THEODORE G. KUTSUNIS
>Attorney for Defendant
>ROCK ISLAND POLICE DEPARTMENT
>1515 4th Avenue, Suite 303
>Rock Island, IL 61201
>Phone: (309) 786-7116
>Fax: (309) 786-7654