UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEWAYNE C. VESEY, )
 )
    Plaintiff, )
 )
v. ) Case No. 06-4046
 )
GLOBAL SECURITY SERVICES, )
QUAD CITY TOWING, and ROCK )
ISLAND POLICE DEPARTMENT, )
 )
    Defendants. )

## O R D E R

This matter is now before the Court on Motions to Dismiss by each of the Defendants. For the reasons set forth below, the Rock Island Police Department's (the "Department") Motion to Dismiss [#8] is GRANTED. Global Security Services' ("Global") Motion to Dismiss [#13] is GRANTED, and Quad City Towing's ("QCT") Motion to Dismiss [#14] is also GRANTED.

### JURISDICTION

Plaintiff's Complaint purports to be brought pursuant to 42 U.S.C. § 1983, which would give the Court jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

### BACKGROUND

On or about July 8, 2006, Plaintiff, Dewayne Vesey ("Vesey"), had parked his car on private property at the Maple Ridge Apartments in Rock Island, Illinois. He claims that his car had a valid parking sticker and was operable. Some time around 2:00 a.m., his vehicle was towed by Global and QCT. Vesey contacted the Department and spoke with

Lt. Mark Poulos, effectively requesting that the police intervene on his behalf to prevent his vehicle from being "stolen" by Global and QCT. According to the Complaint, Lt. Poulos declined to intervene and stated something to the effect that he did not believe that Vesey's vehicle was being "stolen."

On July 26, 2006, Vesey filed this Complaint. While the Complaint is not a model of clarity, it would appear that he is alleging that his rights were violated because his car was improperly towed, as well as claims for fraud and grand theft auto. Each of the Defendants has moved for dismissal of the Complaint. Vesey has filed his response, and this Order follows.

**STANDARD OF REVIEW**

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993); Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiffs to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

**DISCUSSION**

The Defendants move to be dismissed from this action on various grounds. However, before reaching the merits of the the Court's first duty is to ensure that it has subject matter jurisdiction over the case. Subject matter jurisdiction is present where the case either presents a federal question or involves parties of diverse citizenship. As Plaintiff and at least two of the Defendants are citizens of Illinois, it is clear that there is no diversity jurisdiction under to 28 U.S.C. § 1332.

Federal question jurisdiction is present where a cause of action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, the Complaint indicates that his vehicle was improperly towed from the parking lot at Maple Ridge Apartments and that the Department did not intervene to prevent its being "stolen" by the towing company. With all due respect, this claim as plead does not present a federal question. Moreover, the Complaint is devoid of allegations indicating that either Global or QCT could reasonably be construed as a state actor for purposes of 42 U.S.C § 1983.

To the extent that Vesey's claim against the Department could possibly be construed as alleging a Due Process claim under the Fourteenth Amendment for failure to provide police protection by not sending a squad car to intervene in the towing, it would also be unavailing. Absent special circumstances not present in this case, the Due Process clause protects against affirmative acts of misconduct rather than an absence of assistance or ineffectual assistance. Jackson v. City of Joliet, 715 F.2d 1200, 1204 (7th Cir. 1983) (finding that circumstances alleging failure to act on the part of police or fire protection services present no reason for federal judicial intervention.) All that is alleged is a failure to protect Vesey from having his car towed from private property by private companies, and

as the Department "has no federal constitutional duty to provide such protection its failure to do so is not actionable under Section 1983." <u>Bowers v. DeVito</u>, 686 F.2d 616, 618 (7th Cir. 1982). Thus, even under the most liberal construction, Vesey has failed to state a claim that presents a federal question and invokes this Court's subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Rock Island Police Department's (the "Department") Motion to Dismiss [#8] is GRANTED. Global Security Services' ("Global") Motion to Dismiss [#13] is GRANTED, and Quad City Towing's ("QCT") Motion to Dismiss [#14] is also GRANTED. This matter is now DISMISSED for lack of subject matter jurisdiction.

ENTERED this 14th day of December, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge